■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BOBBY LEE, Appellant. [621 NYS2d 603] —Judgment, Supreme Court, Bronx County (John Collins, J.), rendered June 30, 1989, convicting defendant, after a jury trial, of murder in the second degree, and sentencing him to a term of 20 years to life, unanimously affirmed.

The evidence established that defendant and two other men arrived at the Edenwald Projects with the intent to kill Carl

Lopez and that an innocent bystander was killed when the three men shot at Lopez. There is no merit to defendant's argument that the evidence was not legally sufficient on the ground that he could not be considered an accessory to a principal who is adjudged liable by the doctrine of transferred intent. Nor is there merit to defendant's argument that the verdict is against the weight of the evidence.

The hearing court properly determined that the procedures used to obtain defendant's identification were not improper and that defendant's lineup identification was not tainted as a result of a prior photo array in which the witness failed to identify defendant. Defendant's contention that his in-court identification constituted an improper showup is unpreserved, and in any case, lacks merit.

Defendant's argument that the court should have charged assault as a lesser included offense is unpreserved and lacks merit since there is no reasonable view of the evidence that defendant committed only the crime of assault.

Defendant's contentions that defense counsel's cross-examination was improperly restricted, that the prosecutor's impeachment of a defense witness was improper, and that the court committed numerous charge errors are all unpreserved and we decline to reach them in the interest of justice. Furthermore, there is no merit to defendant's unpreserved argument that the murder count was duplicitous because it was equivocal in failing to specify which participant was the principal and which the accessory to the killing. Concur— Wallach, J. P., Rubin, Asch, Nardelli and Tom, JJ.