Bobby LEE, Petitioner–Appellant,

v.

John P. KEANE, Respondent–Appellee.

No. 01–2136.

United States Court of Appeals, Second Circuit.

Nov. 13, 2002.

Justin Peacock, Law Student Brett Dignam, Esq. Jerome N. Frank Legal Services Organization New Haven, CT, for Appellant.

Nisha M. Desai, Esq. District Attorney's Office Bronx, NY, for Appellee.

Present McLAUGHLIN, and POOLER, Circuit Judges.*

## SUMMARY ORDER

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the decision of the district court be and it hereby is AFFIRMED.

Petitioner Bobby Lee appeals from an order of the United States District Court for the Southern District of New York (Schwartz, *J.*) denying his petition for a writ of habeas corpus under 42 U.S.C. § 2254.

Lee was convicted following a jury trial of Murder in the Second Degree in Bronx County and sentenced to an indeterminate term of twenty years to life imprisonment. The testimony adduced at trial established that shortly after midnight, on April 28, 1986, Lee, along with Jonathon Mills and another unidentified male, in an attempt to shoot Carl Lopez, accidentally shot and killed Bruce Tyler.

Belinda Tyler, Bruce Tyler's niece, based on her eyewitness account of the incident and previous interaction with Lee, identified Lee as one of the assailants. In describing Lee to the police that night, Ms. Tyler specifically stated that one of the assailants was a "male black in his 20's, medium brown complexion, mole on cheek, known to her as Bobby Lee."

Over one year later, in connection with the investigation of Bruce Tyler's death, Ms. Tyler was shown a photo array in which moles were drawn on the filler photographs to conform with Lee's facial mole. Ms. Tyler refused to identify Lee from the photo array, stating that "she did not want to make a mistake" and preferring to make the identification in person. Three days later, Ms. Tyler viewed a lineup and immediately identified Lee. The lineup consisted of five African–American males between the ages of sixteen and twenty-six. All participants were seated, wearing similar jackets and Yankee caps. Lee was the only individual in the lineup with a facial mole.

Following his conviction, Lee appealed to the Appellate Division, First Department raising twelve issues, including the identification issue presented in this appeal. Lee's appeal was denied and the Appellate Division found that the identification procedures were "not improper" and that the identification was not tainted. *People v. Lee*, 211 A.D.2d 570, 621 N.Y.S.2d 603 (1st Dep't 1995). The New York State Court of Appeals denied leave to appeal. *People v. Lee*, 86 N.Y.2d 737, 631 N.Y.S.2d 618, 655 N.E.2d 715 (1995).

Thereafter, Lee filed for federal habeas corpus review under 42 U.S.C. § 2254 on several grounds. Magistrate Judge Buchwald issued a report recommending dismissal of the petition on the grounds that each claim was either procedurally barred or without merit. Subsequently, Lee was granted leave to suspend his federal petition to pursue an ultimately unsuccessful

---

* District Judge Barbara S. Jones, who was originally sitting by designation on this panel, recused herself. Pursuant to this Court's Rule § 0.14, the appeal has been heard and decided by the remaining two judges of the panel, who constitute a quorum.

state claim under N.Y. CRIM. PROC. LAW § 440.10 focusing on ineffective assistance of trial counsel.

Lee subsequently renewed his federal claim. Lee's claims were ultimately denied in the Southern District of New York (Schwartz, *J.*) in an unreported decision adopting the recommendation of Magistrate Judge Francis which found the pretrial identification procedure was not unduly suggestive for the reasons stated in Magistrate Judge Buchwald's original recommendation.

This Court reviews *de novo* the district court's ruling on a habeas petition. *Lainfiesta v. Artuz,* 253 F.3d 151, 154 (2d Cir. 2001). 28 U.S.C. § 2254(d) provides that federal courts accord a presumption of correctness to state court findings of fact. The ultimate question of the constitutionality of pretrial identification procedures is a mixed question of law and fact. *Sumner v. Mata,* 455 U.S. 591, 597, 102 S.Ct. 1303, 71 L.Ed.2d 480 (1982). The questions of fact that underlie this ultimate conclusion are governed by the statutory presumption of correctness. *Id.* Thus, whether the witness had an opportunity to observe the crime or was too distracted, and whether the witness gave an accurate, detailed description are questions of fact to which the statutory presumption applies.

In analyzing whether a pre-trial identification was constitutionally deficient, the Court first looks to claims of undue suggestiveness. If the identification is found to be unduly suggestive, the Court then considers whether the in-court identification was, nevertheless, independently reliable. *Manson v. Brathwaite,* 432 U.S. 98, 114, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977). In determining whether a witness' identification of the defendant is reliable independent of the unduly suggestive identification procedures, the Court looks to factors set out in *Neil v. Biggers,* 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972). These factors include: "[1] the opportunity of the witness to view the criminal at the time of the crime, [2] the witness' degree of attention, [3] the accuracy of the witness' prior description of the criminal, [4] the level of certainty demonstrated by the witness at the confrontation, and [5] the length of time between the crime and the confrontation." *Id.* at 199–200, 93 S.Ct. 375. No single factor is dispositive and the question of independent reliability must be assessed in light of "the totality of the circumstances." *Id.*

We affirm on slightly different grounds than those set forth by the district court, as the Court may affirm a district court on any ground for which there is support in the record, even if not adopted by the district court. *Adirondack Transit Lines, Inc. v. United Transp. Union, Local 1582,* 305 F.3d 82, 88 (2d Cir.2002). The district court found that the pretrial identification procedure was not unduly suggestive and, therefore, never turned to the issue of independent reliability. Even if we assume the pre-trial identification was unduly suggestive, we find that the in-court identification was independently reliable. Ms. Tyler testified that she saw Lee approach Carl Lopez, grab him by the arm, and shoot him. Once the shooting began, Ms. Tyler understandably took cover behind a tree. Ms. Tyler's description of Lee on the night of the shooting, however, was unequivocal—she knew Lee from the neighborhood and had seen him in her building. Although she had no occasion to speak with him, she had the opportunity to observe him on numerous occasions at a distance of ten to twelve feet. At the lineup, Ms. Tyler was able to identify Lee within seconds. Finally, and most significantly, on the night of the shooting, she was able to identify Lee to the police, by name.

Accordingly, the district court's denial of the petitioner's habeas corpus petition is AFFIRMED.